

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00194-CR
_____

JOHNNIE HENRICHS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 16F0468-202

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Johnnie Henrichs pled guilty to driving while intoxicated, third or more.[1]  Pursuant to a plea bargain with the State, Henrichs was sentenced to ten years' imprisonment, that sentence was suspended, and he was placed on ten years' community supervision.  The trial court certified that this was a plea agreement case and that Henrichs had no right of appeal; nonetheless, Henrichs, acting pro se, filed an untimely notice of appeal.  Because we find that we are without jurisdiction over this case as a result of Henrichs' plea bargain with the State, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea bargain cases.  Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)  . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)  those matters that were raised by written motion filed and ruled on before trial, or
> >
> > (B)  after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2).  There is no indication in the record before this Court that Henrichs either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal.  To the contrary, the trial court's certification of Henrichs's right of appeal indicates that he has no right of appeal.  Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure,

---

[1]*See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (Supp.).

2

this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

We informed Henrichs of this apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. While Henrichs did file a response to our jurisdictional defect letter, the response did not address the jurisdictional issues raised by that letter.

Because Henrichs has no right of appeal as a result of his plea bargain with the State, and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     October 17, 2019
Date Decided:       October 18, 2019

Do Not Publish